UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY, <br><br> Plaintiff, <br><br> RUDAS, et al.. <br><br> Defendants. | No. 2:20-cv-0073 TLN DB P <br><br><br> ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated a cognizable claim, and gives plaintiff an opportunity to either amend his complaint or proceed on the cognizable claim in his current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the Complaint**

Plaintiff complains of conduct that occurred at Mule Creek State Prison ("MCSP") when he was incarcerated there in 2019. He identifies four defendants: (1) Dr. Rudas; (2) Registered Nurse A. Simmons; (3) Correctional Officer P. Betinis; and (4) Registered Nurse M. Martinez

Plaintiff alleges that in December 2018, he sustained injuries in an industrial accident. In January 2019, plaintiff was transferred to MCSP. On March 6, 2019, plaintiff was seen for the first time by defendant Rudas. Rudas noted plaintiff's accident and recorded that plaintiff was suffering pain in his neck, back, and left hand. When plaintiff requested a lower bunk due to his inability to climb up and down from an upper bunk, Rudas responded, "I don't do chronos."

Rudas saw plaintiff again on April 3, 2019. Rudas noted plaintiff's "chronic low back pain, chronic neck pain" and "impingement syndrome of left shoulder." When plaintiff again requested a lower bunk chrono, Rudas told him, "I told you I don't do chronos."

Rudas saw plaintiff for a third time on April 15, 2019. He diagnosed plaintiff with carpal tunnel syndrome and scheduled a steroid injection for plaintiff's left shoulder. When he again

pointed out the need for lower bunk assignment, Rudas told him that "the higher ups don't want us to do em, so I don't" do chronos.

Later in April 2019, plaintiff fell three times when trying to get into or out of a top bunk. He suffered injuries as a result of these falls. On May 2, 2019, plaintiff submitted a grievance for a lower bunk chrono. Defendant Simmons scheduled the grievance for a determination over 60 days later, on July 9. On May 10, 2019, plaintiff submitted a health care services request. He again asked for a lower bunk chrono. On May 11, he submitted another health care grievance. He requested emergency processing because he had fallen from the top bunk three times. Plaintiff contends defendant Martinez rejected his grievance as an "excessive filing."

On May 20, 2019, plaintiff was seen by Dr. Ramos. Dr. Ramos provided plaintiff with a medical chrono for a lower bunk.

On June 12, plaintiff's pain medication prescription expired. Plaintiff requested a refill but his request was not answered. On June 18, 2019, he filed a grievance. He requested emergency processing of the grievance due to his extreme pain. Defendant Martinez did not expedite plaintiff's grievance.

**B. Analysis**

Plaintiff alleges he has stated claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment and for negligent infliction of emotional distress.

**1. Legal Standards for Eighth Amendment Medical Claims**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must

allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06; see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Prerequisite for State Law Claims

With respect to plaintiff's state law claim for negligent infliction of emotional distress, he is advised that section 945.4 of the Government Claims Act provides that

> [n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division *until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board*, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4 (emphasis added). Section 950.6 provides that

> "[w]hen a written claim for money or damages for injury has been presented to the employing public entity: (a) a cause of action for such injury may not be maintained against the public employee or

| | |
|---|---|
| 1 | former public employee whose act or omission caused such injury *until the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity.*" |
| 2 | |

Cal. Gov't Code § 950.6 (emphasis added). See also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the [Government] Claims Act before commencing a civil action.") (citing Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995)).

The claims-presentation requirement "constitutes an element of any cause of action arising under the Government Claims Act." Mohsin v. Cal. Dep't of Water Res., 52 F. Supp. 3d 1006, 1017-18 (E.D. Cal. 2014). Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action. Yearby v. California Dep't of Corr., No. 2:07–cv–2800 JAM KJN P, 2010 WL 2880180, at *4-5 (E.D. Cal. July 21, 2010), rep. and reco. adopted, 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010). "Plaintiffs must 'allege facts demonstrating or excusing compliance with the claim presentation requirements.'" Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (quoting State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (holding that "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action")).

### 3. Does Plaintiff State Claims Cognizable under § 1983?

First, plaintiff fails to state a claim for negligent infliction of emotional distress. Because plaintiff has not alleged that he complied with the Government Claims Act, his state law claim will be dismissed. If plaintiff chooses to amend his complaint, he may demonstrate such compliance.

With respect to plaintiff's claim for deliberate indifferent to his serious medical needs, this court finds plaintiff has stated a potentially cognizable Eighth Amendment claim against defendant Rudas. Plaintiff states facts showing that: (1) he had serious medical problems that prevented him from being able to safely climb to and from an upper bunk; (2) Rudas knew about

////

these problems; and (3) Rudas repeatedly denied plaintiff a medical chrono for a lower bunk without a medically sound basis for doing so.

Plaintiff has not, however, alleged sufficient facts to state claims against the remaining defendants. Plaintiff alleges defendants Simmons and Martinez failed to process his appeals expeditiously. Plaintiff is advised that he does not have a constitutional right to have his appeals processed in a certain way. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also, e.g., Wright v. Shannon, No. CIV F–05–1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F–09–0931 YNP PC, 2009 WL 5088788, at *6–7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S–08–2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

To show defendants Simmons and Martinez were deliberately to his need for a lower bunk or his pain, plaintiff must show that these defendants: (1) knew and understood plaintiff's medical problems, (2) had the authority to take actions that could affect plaintiff's treatment for those problems, (3) acted with deliberate indifference in responding to the problems, and (4) knew that in doing so they could cause plaintiff greater harm. Farmer v. Brennan, 511 U.S. 825, 842 (1994); see also Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison officials, particularly those in administrative positions, may be "liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help"). Plaintiff's claims against defendants Simmons and Martinez will be dismissed with leave to amend.

Plaintiff also identifies Correctional Officer P. Betinis as a defendant in this action. However, plaintiff makes no allegations against Betinis. Therefore, defendant Betinis will be

////

8

dismissed as well. If plaintiff chooses to amend his complaint, he may attempt to state a claim against Betinis if that claim is related to the claims against the other defendants.

## CONCLUSION

This court finds above that plaintiff has stated a cognizable claim against defendant Rudas for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. This court further finds that plaintiff has failed to state Eighth Amendment medical claims against defendants Simmons and Martinez and fails to state any claims against defendant Betinis. Finally, this court finds plaintiff's state law claim must be dismissed because plaintiff fails to show that he has complied with the Government Claims Act.

Plaintiff has a choice. He may proceed on his Eighth Amendment claim against Rudas or he may amend his complaint to attempt to also state claims against the remaining defendants. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

9

legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff has stated a cognizable Eighth Amendment claim against defendant Rudas for deliberate indifference to his serious medical needs.
3. Plaintiff's claims against defendants Simmons, Martinez, and Betinis and his state law claim for negligent infliction of emotional distress are dismissed with leave to amend.
4. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint.

10

    a. If plaintiff chooses to proceed on his current Eighth Amendment claim against defendant Rudas, he shall so notify the court within thirty days. The court will then order service of the complaint on defendant Rudas and will recommend dismissal of plaintiff's claims against defendants Simmons, Martinez, and Betinis and of the state law claim.

    b. If plaintiff chooses to amend his complaint, within thirty days from the date of service of this order, he may filed an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment claim against Rudas. The court will then recommend dismissal of plaintiff's remaining claims.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: February 7, 2020

                                                  DEBORAH BARNES
                                                  UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/murp0073.scrn lta or proceed