UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONRELL D. MURPHY,

    Plaintiff,

v.

RUDAS,

    Defendant.

No. 2:20-cv-0073 TLN DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant failed to provide adequate medical treatment in violation of his Eighth Amendment rights. Presently before the court is defendant's fully briefed motion to compel. (ECF No. 35.) For the reasons set forth below, the court will grant the motion and direct plaintiff to supplement his responses.

**I.    Defendant's Motion**

Defendant argues plaintiff's responses to several interrogatories and requests for production are incomplete. Defendant seeks to compel plaintiff to supplement his responses to the identified requests.

Plaintiff has filed a one-page opposition to defendant's motion. (ECF No. 36.) Therein, plaintiff argues the motion should be denied because defendant failed to meet and confer before filing the motion in violation of Federal Rule of Civil Procedure 37.

1

In the reply defendant argues plaintiff has not disputed that his responses were incomplete and Local Rule 230(l)[1] does not require the parties to meet and confer. Additionally, defendant points out that the court's December 11, 2020 Discovery and Scheduling Order states that Local Rule 251 does not apply to this case. (See ECF No. 29 at 5.)

**II.     Legal Standards**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Parties may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the persona has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); see also Evans v. Tilton, No. 1:07-cv-1814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have

---

[1] Local Rule 230(l) applies to actions were one party is incarcerated and proceeding pro se. It provides in relevant party that in such cases motions "shall be submitted upon the record without oral argument unless otherwise ordered by the Court."

2

'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Specifically, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).

**III. Analysis**

   **A. Interrogatories 7, 9, 11, and 15**

In interrogatories 7, 9, 11, and 15, defendant sought information regarding witnesses to the alleged visits with defendant, Dr. Rudas. Plaintiff provided the following response to all four requests: "I have been unable, at this time to identify any such witnesses." (ECF No. 35-1 at 28, 29, 30-31.)

   **1. Defendant's Argument**

Defendant argues that plaintiff's responses are unclear because he has failed to explain why he could not identify the witnesses, whether there were witnesses present that he could not identify, or if there were no witnesses present.

   **2. Ruling**

Plaintiff should supplement his responses to make clear whether there is a witness he has not been able to identify. Any information within plaintiff's knowledge that may help identify

such witnesses, including whether the witnesses are staff or inmates, should be included in his explanation.  See Fed. R. Civ. P. 26(b) (parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case).

### B. Interrogatories 17, 19, and 20

In interrogatories 17, 19, and 20, defendant sought information regarding what medical treatment plaintiff received after each of the three occasions he fell from a top bunk.

#### 1. Defendant's Argument

Defendant argues that plaintiff's answer to interrogatory 17 is nonresponsive because it refers to an appointment that took place before the falls from his bunk.  (ECF No. 35 at 6.)

Defendant argues that plaintiff's responses to interrogatories 19 and 20 are insufficient because they refer defendant to "the entirety of his First Amended Complaint and stat[es] that damages will be determined at trial."

#### 2. Ruling

##### a) Interrogatory 17

Defendants are correct, that plaintiff's answer to interrogatory 17 is not responsive. Plaintiff shall supplement his response.  If plaintiff did not receive any medical treatment following his falls from the top bunk on May 9 and 10, 2019 he should state that he did not receive any treatment.

##### b) Interrogatories 19 and 20

Plaintiff has responded to both interrogatories by directing defendant to the operative complaint and indicating that the amount of damages will be determined at trial.  (ECF No. 35-1 at 8-9.)  Plaintiff's response is insufficient.  Should this case proceed to trial, plaintiff will need to show proof of damages.  However, defendants are entitled to know the basis of and the means to support the amount of damages plaintiff is seeking in this action.  Ritchie v. Sempra, No. 10-cv-1513-CAB(KSC), 2014 WL 12637955, at *7 (S.D. Cal. Aug. 4, 2014) (citing Sandoval v. American Bldg. Maitenance Industries, Inc., 267 F.R.D. 257, 282-83 (D. Minn. 2007)).  Plaintiff should provide an estimate of the total amount and a methodology for any punitive damages. Accordingly, plaintiff will be directed to supplement his responses to interrogatories 19 and 20.

4

### C. Requests for Production 1, 3, 7, and 9

#### 1. Defendant's Argument

Defendants have requested plaintiff produce documents regarding plaintiff's deliberate indifference claim, any witnesses to the events giving rise to the claim, and his physical, emotional and mental condition during the relevant time period. (ECF No. 35 at 7-10.) Plaintiff has objected to these on the basis of work-product privilege.

#### 2. Ruling

The work product doctrine protects documents and tangible things from discovery that were prepared by a party or his attorney in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(A). "To qualify for work product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or for that other party's representative.'" United States v. Richey, 62 F.3d 559, 567 (9th Cir. 2011) (quoting In re Grand Jury Subpoena, 357 F.3d 900, 907 (9th Cir. 2004)).

Additionally, a party must identify the documents that were prepared in anticipation of litigation. United States v. ChevronTexaco Corp., 241 F.Supp.2d 1065, 1080-84 (N.D. Cal. 2002). "Generally, a privilege log is adequate if it identifies with particularity the documents withheld, including their date of creation; author, title or caption; addressee and each recipient; and the general nature or purpose for creation." Hupp v. San Diego County, Civil No. 12cv0492 CPC (RBB), 2014 WL 1404510, at *5 (S.D. Cal. Apr. 10, 2014).

To the extent plaintiff claims work product privilege allows him to withhold certain documents, he is advised that simply claiming documents meet this exception is not sufficient. Plaintiff must describe the nature of the items that he intents to withhold in order to assert work product privilege. See Miller v. Panucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992). Additionally, simply memorializing a statement of events independent of seeking legal advice does not make a statement privileged. See Kozacenko v. Murrill, No. 2:12-cv-2196 MCE DAD, 2014 WL 3057517, at *2 (E.D. Cal. July 7, 2014) (finding document not privileged where defendants only recounted "their version of the events that occurred involving other CHP officers and plaintiff" and did not seek legal advice); Koumoulis v. Independent Financial Marketing Group, Inc., 295

F.R.D. 28, 37 (E.D.N.Y. 2013) ("investigatory reports and materials are not protected by the attorney-client privilege or the work-product doctrine merely because they are provided to or prepared by, counsel"). Plaintiff shall supplement his responses to requests for production 1, 3, 7, and 9.

### D. Requests for Production 1, 2, 4, 5, 6, 8, 10, 11, and 12

#### 1. Defendant's Argument

Defendant has requested documents related to plaintiff's medical appointments, medical records related to plaintiff's fall, and documents relevant to plaintiff's claim for punitive damages. (ECF No. 35 at 7-10.) Plaintiff's response to these requests indicates that such documents are attached to his motion for summary judgment and that they are in the custody of the California Department of Corrections and Rehabilitation (CDCR) and therefore available to defendant pursuant to title 15, CCR § 3307(e). (Id.)

#### 2. Ruling

Plaintiff is not relieved from responding because he believes that the information requested is equally available to defendant. See Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.NY. 2003) ("A requested party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party.")

Plaintiff's responses indicating that relevant documents are available to defendants as exhibits to his motion for summary judgment are also insufficient because he has failed to identify responsive documents with specificity. See Solomon v. Sheldon, No. 2:18-cv-3012 JAM DMC P, 2021 WL 826053, at *16 (E.D. Cal. Mar. 4, 2021). Plaintiff should supplement his responses to indicate which exhibits are responsive to the specific requests. For example, plaintiff has included a document reflecting a medical visit with defendant on March 26, 2019. Plaintiff's supplemented response should indicate that this document can be found on page 47 of his motion for summary judgment.

////

////

////

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 35) is granted;

2. Plaintiff is directed to supplement his responses to the interrogatories and requests for production as set forth above;

3. Plaintiff shall file and serve his updated responses within forty-five (45) days of the date of service of this order; and

4. Defendant's shall file any subsequent motion to compel no more than thirty (30) days after service of plaintiff's updated responses.

Dated: May 20, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/murp0073.mtn.comp